Opinion issued October 28, 2004
     














In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00982-CR




DAVID DWAYNE JACKSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 940623




MEMORANDUM OPINION

          Appellant, David Dwayne Jackson, pleaded not guilty to the felony offense of
aggravated sexual assault of a child younger than 14 years of age. The trial court
found appellant guilty and sentenced him to five years in prison.


 In one issue,
appellant claims that the evidence is factually insufficient to sustain his conviction. 
We affirm.
Background
          Complainant, who was 13 years old, and appellant, who was 18 years old, had
been dating for three weeks. On October 9, 2002, at approximately 10:00 p.m., 
complainant and her cousin invited appellant and his friend, Bill, to come visit them. 
Complainant let appellant and Bill into the bedroom where she and her cousin were
staying. While Bill and complainant’s cousin were on the floor, appellant and
complainant lay on the bed. Appellant and complainant were on the bed talking with
the lights turned off when appellant asked complainant if she wanted to have sex. 
Complainant replied no. Appellant then unzipped his pants and put a condom on. 
Appellant got on top of complainant, and they started kissing. Complainant removed
her shorts, but left her panties on. Appellant moved her panties and put his penis in
her vagina. At this point, complainant’s grandfather entered the room, and appellant
hid under the bed. Appellant and Bill then left the house. At trial, appellant
acknowledged lying on top of complainant, kissing her, and moving her panties “over
to the side,” but denied penetrating her vagina with his penis. 
 Factual Sufficiency of the Evidence 
          In his sole point of error, appellant challenges the factual sufficiency of the
evidence to sustain his conviction for aggravated sexual assault of a child. When
evaluating a challenge to the factual sufficiency of the evidence, we view all the
evidence in a neutral light and inquire whether the jury was rationally justified in
finding guilt beyond a reasonable doubt. Zuniga v. State, No. 539-02, 2004 WL
840786 (Tex. Crim. App. Apr. 21, 2004). A reviewing court may find the evidence
factually insufficient in two ways. Id. at *7. First, when considered by itself, the
evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt. Id. Second, after weighing the evidence supporting the
verdict and the evidence contrary to the verdict , the contrary evidence may be strong
enough that the beyond-a-reasonable-doubt standard could not have been met. Id. 
In conducting a factual-sufficiency review, we must discuss the evidence that,
according to appellant, most undermines the jury’s verdict. Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003).
          In conducting the factual-sufficiency review, we must also pay appropriate
deference to the factfinder so that we do not substitute our judgment for that of the
factfinder. Zuniga, 2004 WL 840786 at *4. Our evaluation should not intrude upon
the factfinder’s role as the sole judge of the weight and credibilty given to any
witness’s testimony. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
What weight to be given contradictory testimonial evidence is within the sole
province of the factfinder because it turns on an evaluation of credibility and
demeanor. Id. at 408-09. The factfinder is entitled to judge the credibility of the
witness and may choose to believe all, some, or none of the testimony presented. Id. A person commits aggravated sexual assault of a child if the person
intentionally or knowingly causes the penetration of the sexual organ of a child
younger than 14 years of age by any means. Tex. Pen. Code Ann. §
22.021(a)(1)(B)(i), (a)(2)(B) (Vernon 2004). Appellant contends that the evidence
is factually insufficient because (1) complainant’s testimony was the only evidence
presented to show that penetration occurred, (2) no physical evidence was presented,
(3) no medical evidence or expert testimony was presented to corroborate
complainant’s testimony concerning penetration, (4) others present in the room during
the commission of the offense did not testify, (5) complainant’s testimony regarding
penetration was tentative and elicited by leading questions from the prosecutor, (6)
complainant had a motive to portray appellant as the perpetrator and cast herself as
the victim, and (7) the State did not effectively cross-examine or impeach appellant’s 
claim that, although he intended to have sex with complainant, he failed to do so
because complainant’s grandfather interrupted them.The State contends that no physical evidence of the sexual assault exists
because appellant wore a condom and never ejaculated and because the complainant
was only slightly penetrated. The only evidence of the sexual assault came from
complainant, who testified that after she removed her shorts, appellant “scooted” her
panties over and then penetrated her vagina with his penis. She explained that
appellant’s penis did not fully penetrate her, but that it did enter her vagina a “little
bit” and “it hurt a little bit, but not a lot.” The complainant’s uncorroborated
testimony, standing alone, is sufficient to support a conviction for aggravated sexual
assault of a child. See Sandoval v. State, 52 S.W.3d 851, 854 & n.1 (Tex.
App.—Houston [1st Dist.] 2001, pet. ref’d) (holding that medical evidence
corroborating sexual assault victim’s testimony not necessary to support conviction);
Perez v State, 113 S.W.3d 819, 838 (Tex. App.—Austin 2003, pet. ref’d) (holding
that testimony of child victim alone is sufficient to support conviction for aggravated
sexual assault).


 
          Appellant also contends that he is more credible than complainant because
complainant had an improper motive to accuse him of aggravated sexual assault, and
because his testimony was not properly impeached on cross-examination. The trial
court, as factfinder, had the opportunity to weigh the credibility of witnesses
testimony and to reconcile conflicts in that testimony. Jaggers v. State, 125 S.W.3d
661, 672 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). We conclude that the
evidence supporting the verdict was not too weak to support the finding of guilt
beyond a reasonable doubt and that the contrary evidence is not strong enough to
show that the beyond-a-reasonable-doubt standard could not have been met. See
Zuniga v. State, 811 S.W.2d 177, 180 (Tex. App.—San Antonio 1991, no pet.)
(holding penetration, however slight, will sustain sexual assault allegation). We hold
that, after reviewing all of the evidence in a neutral light, the trial court was rationally
justified in finding beyond a reasonable doubt that appellant committed the offense
of aggravated sexual assault. See Zuniga, 2004 WL 840786 at *7. 
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.                           
 
                                                             
 

                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).